# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PEDRO JOSE GRANT,**

    **Plaintiff,**

v.                                   **Case No. 5:12cv12/MW/CJK**

**LARRY CHILDS, et al.,**

    **Defendants.**

_____/

## ORDER and
## <u>REPORT AND RECOMMENDATION</u>

This prisoner civil rights case is before the Court upon defendants' motion to dismiss. (Doc. 76). Plaintiff has responded in opposition to the motion. (Doc. 85). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the Court concludes that defendants' motion should be granted and this case dismissed without prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on January 1, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1, p. 1). At the time of filing, plaintiff was an inmate of the Florida Department of Corrections confined at the Reception and

Medical Center. (*Id.*, pp. 1-2).[1]  On February 14, 2012, plaintiff signed and filed an amended complaint. (Doc. 12, pp. 1, 7).  On June 20, 2012, plaintiff signed and filed a second amended complaint. (Doc. 24, p. 9).  Plaintiff's second amended complaint names as defendants two prison officials at Apalachee Correctional Institution: Sergeant Larry Childs and Correctional Officer Stanley Swearingen[2].  Plaintiff claims the defendants used excessive force on him on September 8, 2011, and later retaliated against him in various ways after plaintiff reported the incident. (Doc. 24, pp. 3-7).  As relief, plaintiff seeks actual, compensatory and punitive damages. (*Id.*, p. 8).

Defendants were served (docs. 45, 46), and now move to dismiss this case under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, on the following grounds:  (1) to the extent plaintiff sues the defendants in their official capacities, his damages claims are barred by Eleventh Amendment immunity, (2) plaintiff has abused the judicial process by failing to accurately disclose his litigation history, and (3) plaintiff failed to exhaust his administrative remedies with respect to any alleged incidents of retaliation occurring after September 14, 2011. (Doc. 76).  Plaintiff has responded in opposition to dismissal. (Doc. 85).  Because defendants' second asserted basis for dismissal is dispositive of the case, the undersigned will address only that issue.

## DISCUSSION

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the case at any time if it determines that

---

[1]Plaintiff was released from DOC custody on August 19, 2013, to the custody of the Immigration and Customs Enforcement Agency of the Department of Homeland Security. *See* www.dc.state.fl.us.

[2]Plaintiff misspelled this defendant's name as "Sweringer".  The correct spelling is "Swearingen". (Doc. 76, p. 1 n.1).

the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Defendants move to dismiss this case as malicious for plaintiff's abuse of the judicial process in not disclosing in his second amended complaint two federal cases and three state cases meeting the express requirements of the Court's Civil Rights Complaint Form. (Doc. 76).

<u>Plaintiff's Responses to Questions on the Complaint Form Directing Disclosure of Plaintiff's Litigation History</u>

All of plaintiff's complaints were filed on the court-issued civil rights complaint form. (Docs. 1, 12, 24). The complaint form has a section entitled "Previous Lawsuits," where the prisoner-plaintiff is directed to list "all prior civil cases." (*Id.*, pp. 3-4). The warning for violating the order appears in bold, capitalized font: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3; Doc. 12, p. 3; Doc. 24, p. 2). The complaint form directs the prisoner-plaintiff to answer the following four questions:

> (A)    "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"

> (B)    "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"

> (C)    "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some

other wrong)?"

    (D)    "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(*Id.*, pp. 3-4) (emphasis in original). Following each question are parenthetical areas to mark either a "Yes" or "No" answer to that question. The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.

    Plaintiff's original and first amended complaints disclosed three state lawsuits and one federal lawsuit. Specifically, plaintiff disclosed a mandamus action filed in the Florida First District Court of Appeal (Case Number 1D11-5609) which was transferred to Leon County Circuit Court (Case Number 2011-CA-3225). Plaintiff reported that the mandamus proceeding dealt with the same or similar facts/issues involved in this action – abuse by staff at Apalachee CI. (Doc. 1, pp. 3-4; Doc. 12, p. 3). Plaintiff also disclosed a state mandamus petition he filed in Union County Circuit Court (Case Number 2011-CA-79), which also concerned the conditions of his confinement at Apalachee CI. (Doc. 1, pp. 4-5; Doc. 12, p. 4). Plaintiff disclosed one federal lawsuit, *Grant v. Henderson*, a civil rights case plaintiff initiated in the Gainesville Division of this Court, Case Number 1:09cv104. (Doc. 1, p. 3; Doc. 12, p. 4). Defendants assert, and the docket confirms, that Case Number 1:09cv104 was opened upon transfer from the Middle District of Florida (Middle District Case Number 6:09cv570).

    Plaintiff's second amended complaint disclosed only one case: Leon County Circuit Court Case Number 2011-CA-3225. (Doc. 24, p. 3). All of plaintiff's complaints contained the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct", followed by plaintiff's signature. (Doc. 1, p. 7; Doc. 12, p. 7; Doc. 24, pp.

8-9).

Plaintiff's Actual Litigation History and Non-Disclosure

      Defendants seek dismissal of plaintiff's second amended complaint for plaintiff's failure to disclose the following cases: (1) Middle District Case No. 6:09cv570 (plaintiff's federal civil rights action transferred to this Court); (2) Northern District Case No. 1:09cv104 (the case opened upon transfer of 6:09cv570); (3) Jackson County Circuit Court Case Number 2010-CA-1066, a state habeas corpus petition plaintiff filed in 2010 challenging his confinement; (4) Union County Circuit Court Case Number 2011-CA-79, the state mandamus action plaintiff filed in 2011; and (5) Osceola County Circuit Court Case Number 2011-CA-3824, a state habeas corpus petition plaintiff filed in 2011 challenging his confinement. (Doc. 76, pp. 5-7 and Exs. A-E).

      Plaintiff's failure to disclose federal cases 6:09cv570 and 1:09cv104, and state case 2011-CA-79, does not constitute an abuse of the judicial process, as plaintiff disclosed those cases in his original and first amended complaints. Plaintiff's failure to disclose the two state habeas actions (Jackson County Circuit Court Case No. 2010-CA-01066 and Osceola County Circuit Court Case No. 2011-CA-3824) does constitute an abuse of the judicial process and is malicious. Plaintiff's responses on the original, first and second amended complaint forms stated, in effect, that plaintiff had initiated no other actions in state court relating to the fact or duration of his confinement or the conditions of his confinement. Plaintiff's response was false. In addition to the two state habeas actions, the Court takes judicial notice of an additional lawsuit plaintiff filed in state court after his original and first amended complaints were filed in this case, but before his second amended complaint was filed. The Leon County Circuit Court online docket reveals that plaintiff initiated a

civil action against the State of Florida on June 8, 2012, by filing a tort complaint seeking equitable relief. The action was assigned Case No. 2012-CA-1808, has not been served, and is still pending. Plaintiff failed to disclose that case in the second amended complaint he signed and filed with this Court on June 20, 2012.

Plaintiff concedes that his second amended complaint failed to disclose the cases at issue, but argues that dismissal is inappropriate because: (1) plaintiff's property containing his legal documents was destroyed, (2) plaintiff "didn't understand the law" at the time he filed his original complaint, (3) plaintiff's "English barrier is not that good in speaking and understanding", (4) the individual who assisted plaintiff in preparing his "case" (*i.e.*, second amended complaint) did not have the necessary documents, and (5) "if the court review his original claims its all there plaintiff never lied about it, plaintiff was just unaware of the 'questions' being asked." (Doc. 85, p. 1). Plaintiff refers the Court to his original complaint which, plaintiff contends, provides full disclosure of plaintiff's litigation history.

The Court has the authority to control and manage matters such as this pending before it and to curb vexatious litigation. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859-863-64 (11th Cir. 2004). Plaintiff's arguments in opposition to dismissal should be rejected. First, the destruction of plaintiff's legal property does not excuse plaintiff from fully disclosing his litigation history, as plaintiff had other means of verifying his cases. If plaintiff's legal documents were not available, plaintiff could have contacted the relevant court(s) to determine the cases he had filed so that he could make a full, complete and honest accounting of them. The three state cases plaintiff failed to disclose were filed just prior to, or during the present litigation; thus, plaintiff was well aware of them. Second, plaintiff's disclosure of his litigation history did not require an understanding of the law. The plain language of the

complaint form required plaintiff to disclose all actions plaintiff had filed in either state or federal court that related to the fact or manner of his confinement (including habeas corpus petitions) or the conditions of his confinement. The form also warns, in plain terms, that failure to list all previous suits will result in dismissal and that, if the prisoner is unsure of any prior cases he has filed, that fact must be disclosed as well. (Doc. 1, p. 3; Doc. 12, p. 3; Doc. 24, p. 2). Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. Third, the Court will not credit plaintiff's assertion that his failure to disclose the additional state court actions was the result of a language barrier, because the form specifically identifies "habeas corpus petitions" as one of the types of cases to be disclosed. Additionally, plaintiff fails to explain why the alleged language barrier prevented him from disclosing his state habeas and tort actions, but not his state mandamus actions. Finally, contrary to plaintiff's assertion that he disclosed all of his previous cases in his original complaint, plaintiff's original complaint did <u>not</u> disclose Jackson County Case No. 2010-CA-1066, Osceola County Case No. 2011-CA-3824, or Leon County Case No. 2012-CA-1808.

The Court's disclosure requirements are not mere procedural technicalities. Among other purposes, the information helps the Court to consider whether the current case is related to, or should be considered in connection with, another action or whether a holding in another action affects the current case. Plaintiff essentially ignored the Court's disclosure requirements, made false omissions, and certified the accuracy of each complaint even though the complaints were incorrect. Plaintiff's actions show a disregard for the Court, the judicial process, the known consequences of non-disclosure, and the penalties of perjury (*i.e.*, certifying a complaint's accuracy even though the complaint is incorrect). The Court will not tolerate false responses

or statements in any pleading or motion filed before it. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. Plaintiff's false responses should not go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements and responses is to dismiss this case without prejudice as malicious. Such dismissal will allow plaintiff to re-file his complaint against defendants Childs and Swearingen, with correct responses to the questions asked, in a new civil rights case. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also, e.g., Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing prisoner's amended civil rights complaint without prejudice for abuse of the judicial process, where prisoner's amended complaint failed to disclose a federal lawsuit the prisoner initiated after the filing of his initial complaint but prior to the filing of his amended complaint); *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case without prejudice for abuse of the judicial process, where prisoner failed to disclose four previous civil actions; rejecting prisoner's argument that dismissal of complaint without prejudice was improper because prisoner did not intend to mislead the court and was simply unaware of the law); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (holding that district court did not err in finding prisoner abused the judicial process by failing to disclose two cases; concluding that even if the prisoner did not have access to his legal materials when he filed his complaint, he would have known he had filed the two cases because they had been filed in close temporal proximity to the

complaint).[3]

Accordingly, it is ORDERED:

1. The Clerk shall change the docket to reflect the correct spelling of defendant Stanley Swearingen's last name (from "Sweringer" to "Swearingen").

2. The Clerk shall mail a copy of this Report and Recommendation to plaintiff at the following addresses: (1) plaintiff's address of record and (2) plaintiff's stated residence upon release from the Florida Department of Corrections: 18201 SW 12th St., Miami, FL 33194.

And it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 76) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 6th day of September, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]The undersigned cites these unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).